U.S. MARSHALL — EXPENSES FOR TRANSPORTING FEDERAL PRISONERS TO STATE TRIAL The expenses of a U.S. Marshal in transporting a federal prisoner to his place of state trial are payable from the county court fund provided such expenses are necessary to assure the presence of the defendant. (Former Opinion No. 69-197 holding such expenses payable from the county general fund is withdrawn and overruled.) The Attorney General has had under consideration your request for an opinion regarding payment of the expenses of a U.S. Marshal for his services in transporting a federal prisoner to said prisoner's place of trial on state criminal charges. You call our attention to Attorney General's Opinion No. 69-197, which held that such expenses are payable from a county's general fund, and you then ask whether such expenses are also payable from a county's court fund. Title 20 O.S. 1304 [20-1304] (1969), reads in pertinent part: "Claims against the Court Fund shall include only such expenses as may be lawfully incurred incident to the operation of the court in said county, and are approved by the governing board of the Court Fund or a majority thereof. . . ." (Emphasis added) In another former opinion of the Attorney General, to-wit: No. 66-397, we interpreted the term "incident to" as used in the above quoted statute as meaning an "integral part" of a court's operation. We now note that in criminal proceedings the defendant has a right to be present at his trial and, in fact, at most other proceedings relating to his trial. We, therefore, deem the presence of the defendant to be an integral part or incident to the court's operation. We further conclude then that payment from the court fund of any expenses necessary to assure the presence of the defendant at his trial is authorized. In answering your question in the affirmative, that is, by saying that such expenses are payable from the county court fund, we have reconsidered our said Opinion No. 69-127 and are now of the opinion that such expenses of a U.S. Marshal are not also payable from the county general fund. Said Opinion No. 69-127 is therefore withdrawn and our holding therein overruled. In regard to our withdrawing of Opinion No. 69-127 as well as in regard to this opinion, we note and emphasize that the custody of any person facing criminal charges in a state court (and who for any reason is not entitled to be at liberty) generally and regularly devolves upon the sheriff of the county wherein the charges are pending. We note in particular that 19 O.S. 541 [19-541] (1961), authorizes payment from the county general fund of the expenses of the sheriff or his deputies only for the transporting of such accused persons. Nothing in this opinion or in our withdrawn Opinion No. 69-197 should be construed as negating the duties and responsibilities of the sheriff in these matters. It is only in such instances where the federal government (or any other jurisdiction entitled to prior custody) refuses and cannot be legally required to turn over the custody of its prisoner to a sheriff that there should be any occasion to pay the expenses of a U.S. Marshal (or other custodial officer). We further note and emphasize that in instances wherein the defendant is not an indigent he may be required to pay such expenses. This is explicitly stated in the opinion (in footnote No. 11) of the U.S. Supreme Court in the case of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), which case you mention in your letter and which case apparently prompted your inquiry. In summary and conclusion, then, it is the opinion of the Attorney General that the expenses of a U.S. Marshal for his services in transporting a federal prisoner to the prisoner's place of trial on state charges are payable from the court fund of the county wherein the trial is had provided such expenses are necessary to assure the presence of the defendant. (Hugh H. Collum)